UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FELICIA LAKEY<br>Plaintiff | § | CIVIL ACTION |
| | § | |
| | § | |
| VS. | § | NO. 4:26-CV-00292 |
| | § | |
| WALMART STORES TEXAS, LLC<br>Defendant | § | |
| | § | JURY |

FIRST AMENDED ANSWER OF DEFENDANT, WALMART STORES TEXAS, LLC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and files this First Amended Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

1. In response to the allegations contained in Paragraph 1 (Discovery Control Plan) of Plaintiff's Original Petition, Defendant denies that discovery should be governed by Level 3 of the Texas Rules of Civil Procedure. Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas and the federal court.

II.

2. In response to the allegations contained in Paragraph 2 (Jurisdiction and Venue) of Plaintiff's Original Petition, Defendant denies that the state court has jurisdiction over this matter. The United States District Court for the Eastern District of Texas has diversity jurisdiction over this matter because of the amount in controversy sought by Plaintiff and because the parties are citizens of different states. Defendant admits that Plaintiff alleges that all or a substantial part of the events or omissions including the incident question occurred in Jefferson County, Texas, and

thus, venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division.

III.

3. In response to the allegations contained in Paragraph 3 (Statement Regarding Monetary Relief Sought) of Plaintiff's Original Petition, Defendant denies that Plaintiff seeks monetary relief of no more than $75,000.00. Based on recently-filed past medical bills and alleged future damages, it is now clear that Plaintiff seeks monetary relief of over $75,000.00. On February 19, 2026, Plaintiff presented Defendant with past medical bills totaling only $18,843.00 for treatment allegedly associated with the incident made the basis of this lawsuit. Thereafter, on June 12, 2026, Plaintiff produced additional past medical bills totaling $191,654.00. In addition, Plaintiff's Petition seeks recovery of alleged damages for past and future physical pain and mental anguish, physical impairment, and physical disfigurement and past lost wages and future loss of earning capacity. Accordingly, Defendant has shown that Plaintiff seeks an amount in controversy that is over $75,000.00. However, Defendant denies that Plaintiff is entitled to such recovery. Defendant also denies that Texas Rule of Civil Procedure 47 applies to this case. This case is governed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas and the federal court.

IV.

4. In response to the allegations contained in Paragraph 4 (Parties) of Plaintiff's Original Petition, Defendant admits that Plaintiff is a resident citizen of Jefferson County, Texas.

5. In response to the allegations contained in Paragraph 5 (Parties) of Plaintiff's Original Petition, Defendant denies that it is a Texas citizen. Its citizenship is determined by the citizenship of Walmart, Inc., a Delaware corporation. Defendant admits that it is engaged in

business in Harris County, Texas, and that service upon the registered agent listed in Plaintiff's Petition was proper.

V.

6. In response to Paragraph 6 (Misnomer and Alter Ego) of Plaintiff's Original Petition, Defendant admits that it operates the store in question. Defendant denies the remainder of the allegations contained in Paragraph 6 (Misnomer and Alter Ego) of Plaintiff's Original Petition.

VI.

7. In response to the allegations contained in Paragraph 7 (Facts) of Plaintiff's Original Petition, Defendant denies same.

8. In response to the allegations contained in Paragraph 8 (Facts) of Plaintiff's Original Petition, Defendant denies same.

9. In response to the allegations contained in Paragraph 9 (Facts) of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

10. In response to the allegations contained in Paragraph 10 (Facts) of Plaintiff's Original Petition, including but not limited to subsections a. through e., Defendant denies same, both individually and in the aggregate.

11. In response to the allegations contained in Paragraph 11 (Facts) of Plaintiff's Original Petition, Defendant denies same, both individually and in the aggregate.

12. In response to the allegations contained in Paragraph 12 (Facts) of Plaintiff's Original Petition, Defendant denies same, both individually and in the aggregate.

VII.

13. In response to the allegations contained in Paragraph 13 (Damages) of Plaintiff's Original Petition, Defendant denies same.

14. In response to the allegations contained in Paragraph 14 (Damages) of Plaintiff's Original Petition, including but not limited to subsections a. through e., Defendant denies same, both individually and in the aggregate.

15. In response to the allegations contained in Paragraph 15 (Damages) of Plaintiff's Original Petition, Defendant denies same.

VIII.

16. In response to the allegations contained in Paragraph 16 (Duty to Disclose) of Plaintiff's Original Petition, Defendant denies that Texas Rules of Civil Procedure 194, 194.2, 194.2 (d), 194.3 and 194.4 apply to this case. Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas and the federal court. Defendant denies the remainder of the allegations contained in Paragraph 16 (Duty to Disclose) of Plaintiff's Original Petition, individually and in the aggregate.

IX.

17. In response to the allegations contained in Paragraph 17 (Initial Disclosures) of Plaintiff's Original Petition, Defendant denies that Texas Rules of Civil Procedure 194 and 194.2 apply to this case. Discover should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas and the federal court.

X.

18. In response to the allegations contained in Paragraph 18 (Rule 193.7 Notice) of Plaintiff's Original Petition, Defendant denies that Texas Rules of Civil Procedure 193.7 applies to this matter. This matter is governed by the Federal Rules of Civil Procedure, Federal Rules of

Evidence, Local Rules of the Eastern District of Texas, Beaumont Division, and the federal court. Defendant denies the remainder of the allegations contained in Paragraph 18 (Rule 193.7 Notice) of Plaintiff's Original Petition, both individually and in the aggregate.

XI.

19. In response to the PRAYER contained in Plaintiff's Original Petition, Defendant admits that Plaintiff seeks the recovery prayed for; however, Defendant denies that Plaintiff is entitled to recover same. Defendant also denies that Plaintiff is entitled to recover court costs or interest. Defendant further denies the remainder of the allegations as worded in PRAYER of Plaintiff's Original Petition, both individually and in the aggregate.

**AFFIRMATIVE DEFENSES**

XII.

20. Further answering herein, Defendant denies generally all and singular the claims alleged in Plaintiff's Petition and demands strict proof thereof.

21. Alternatively, Defendant would show that Plaintiff was negligent in certain acts and omissions, including the following:

a. Failure to keep a proper lookout on the occasion in question;

b. Failing to pay proper attention;

c. Failure to walk or step more carefully;

d. Failure to wait for the door to completely close then reopen before entering;

e. Failure to take proper evasive action;

f. Failure to observe and heed the warning on the door; and,

g. Failure to use ordinary care for her safety.

Each act and/or omission was negligence by Plaintiff and alone or in combination proximately caused the incident in question.

22. Further answering herein, Defendant avers that Plaintiff's recovery, if any, should be barred or otherwise reduced pursuant to the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

23. Alternatively, Defendant avers that the incident made the basis of this lawsuit was an unavoidable accident.

24. Alternatively, Defendant avers that said incident was proximately caused by the negligence of an unknown third party not under Defendant's control.

25. Alternatively, Defendant denies that Plaintiff sustained the injuries and damages alleged in her Petition.

26. Alternatively, Defendant denies that any condition from which Plaintiff is suffering, if any, is the result, directly or indirectly, of the occurrence alleged in Plaintiff's Original Petition. Defendant avers that if Plaintiff is suffering from any injury, illness, disease, or condition claimed by Plaintiff, then same is the result, in whole or in part, of some prior or subsequent accident, injury, illness, disease, physical defect, or bodily condition, for which the Defendant is not in any way responsible.

27. Alternatively, Defendant avers that Plaintiff failed to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating her alleged injuries and/or limiting and/or failing to mitigate her alleged damages, if any, that resulted from the occurrence in question.

28. Alternatively, Defendant avers that pursuant to Paragraph 41.0105 of the Texas Civil Practice and Remedies Code, Defendant is entitled to an offset/credit for any medical or

health care expenses that have not actually been paid or incurred by or on behalf of the Plaintiff.

29. Alternatively, Defendant denies that Plaintiff is entitled to recover damages for lost earnings or lost earning capacity, and further avers that any loss of earnings, earning capacity allegedly sustained by Plaintiff is a result of the failure of Plaintiff to have acted as a person of ordinary prudence would have acted under the same or similar circumstances in seeking to mitigate her alleged damages following the incident made the basis of this lawsuit.

30. Alternatively, Defendant avers that pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, any recovery for lost earnings/earning capacity (if any), is limited by law to proven net loss, if any, after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

XIII.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day and recover its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
Federal Id. No.11680
SBN: 18955100
KarenSpivey@mehaffyweber.com
**ATTORNEY IN CHARGE FOR DEFENDANT, WALMART STORES TEXAS, LLC,**
GORDON R. PATE
SBN: 15563000
Federal Id. No. 9811
GordonPate@mehaffyweber.com
ABBEY CHIRAFIS
SBN: 24143603
AbbeyChirafis@mehaffyweber.com
P.O. Box 16
Beaumont, TX 77704-0016

2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph: 409-835-5011
Fx: 409-835-5177
ATTORNEYS FOR DEFENDANT
Cc: rebeccamenard@mehaffyweber.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel of record on this 10th day of July, 2026, in accordance with the Rules of Civil Procedure by certified mail, addressed as follows:

Kevin S. Gracey
SBN: 24109941
DASPIT LAW FIRM, PLLC
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Ph: 713-322-4878
Fx: 713-587-9086
e-service@daspitlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Karen L. Spivey
KAREN L. SPIVEY