**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| FELICIA LAKEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-292 |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Felicia Lakey's ("Lakey") *pro se* Emergency Motion for Continuance of Depositions and Extension of Time to Retain New Counsel (#12). Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied as moot.

I. Background

On November 26, 2025, Lakey filed her Original Petition (#1) in the 58th Judicial District Court of Jefferson County, Texas, asserting claims for premises liability and negligence. On July 10, 2026, Walmart Stores Texas, LLC ("Walmart") removed the case to this court (#1) and filed its First Amended Answer (#2). On October 5, 2026, the parties filed an Agreed Motion to Dismiss Without Prejudice (#10) that both parties signed, and the court acknowledged the stipulation of dismissal (#11) that same day.[1] Lakey filed the pending *pro se* Emergency Motion

[1] The court construes the parties' Agreed Motion to Dismiss Without Prejudice, which both parties signed, as a stipulation of dismissal. *See Smallwood v. Willow Way, LLC*, No. 3:17-CV-242-G-BN, 2017 WL 1173777 (N.D. Tex. Mar. 7, 2017), *adopted by* No. 3:17-CV-0242-G (BN), 2017 WL 1153239, at *2 (N.D. Tex. Mar. 28, 2017) (construing agreed motions to dismiss as stipulated dismissals where all the parties agreed to dismissal and each party signed its agreement); *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-00132-DMB, 2015 WL 4041657, at *2 (N.D. Miss. July 1, 2015) (declining to construe a joint stipulation as a stipulation of dismissal because it was not "signed by all parties who have appeared"); *see*

for Continuance of Depositions and Extension of Time to Retain New Counsel (#12) on October 13, 2026.

## II. Analysis

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides for the voluntary dismissal of a lawsuit by a plaintiff, stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). "[A] voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (quoting *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004)); *see Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995) ("According to [Rule 41(a)(i)(A)(ii)], such stipulations take effect when *filed* and do not require an order of the court. Therefore, the district court's order approving the dismissal is of no consequence." (emphasis in original) (internal citation omitted)). Because a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is "effective immediately," any action by the district court after the filing of such a stipulation is rendered "superfluous" and with "no force or effect." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025) (quoting *SmallBizPros, Inc.*, 618 F.3d at 463); *see Williams v. Seidenbach*, 958 F.3d 341, 348 n.2 (5th

---

*also ADD Wound Care Sols. LLC v. Intuit Inc.*, No. 7:24-CV-00389, 2025 WL 1994774, at *1 (S.D. Tex. July 17, 2025) (explaining that failure to cite Rule 41 is irrelevant and attributing no significance to plaintiff's styling of the document as a motion rather than a notice of dismissal (citing *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976)), *overruling on other grounds recognized by Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392 (5th Cir. 2020)); *Roddy v. Dendy*, 141 F.R.D. 261, 261 (S.D. Miss. 1992) ("Although the document filed . . . was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal . . . , the [c]ourt finds this distinction to be without legal significance since the effect desired . . . was clearly to have [plaintiff's] claims dismissed without prejudice.") (second alteration in original).

Cir. 2020) (quoting *SmallBizPros, Inc.*, 618 F.3d at 461). For a district court to "retain jurisdiction to enforce the terms of a settlement agreement effectuated by a stipulation of dismissal," the court must either (1) enter an order expressly retaining jurisdiction over or incorporating the terms of a settlement agreement; or (2) the stipulation of dismissal must be made contingent upon the court's issuing of such an order. *Whittier*, 128 F.4th at 727 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994)); *accord SmallBizPros, Inc.*, 618 F.3d at 462-63 (citing *Kokkonen*, 511 U.S. at 381-82). Accordingly, a stipulation of dismissal terminates a case and, unless otherwise provided, leaves the district court without jurisdiction to adjudicate. *Smith v. Sch. Bd. of Concordia Par.*, 181 F.4th 629, 636-37 (5th Cir. 2026) (vacating the district court's memorandum ruling and order scheduling evidentiary hearings because the parties had already filed their stipulation of dismissal ending the case); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, No. 23-50889, 2024 WL 4481850, at *4 n.6 (5th Cir. Oct. 14, 2024); *Jones v. Caddo Par. Sch. Bd.*, No. CV 65-11055, 2026 WL 2692202, at *1 (W.D. La. Sept. 14, 2026) ("But that stipulation of dismissal ended the case when it was filed, depriving this [c]ourt of jurisdiction and leaving it with 'nothing left to adjudicate.'" (quoting *Smith*, 181 F.4th at 636)).

Here, the parties filed a joint stipulation of dismissal on October 5, 2026 (#10). Walmart had already appeared and filed an Amended Answer but agreed to the dismissal. The agreed stipulation of dismissal itself made no provision for the court to retain any ancillary jurisdiction, and the court's acknowledgment likewise did not contain any such provision. Accordingly, that filing (#10) ended the case and deprived this court of jurisdiction to adjudicate further issues regarding the action.

Yet, Lakey filed the pending motion on October 13, 2026 (#12), after the filing of the stipulation of dismissal. Lakey's *pro se* motion states that on October 12, 2026,[2] her counsel purportedly notified her that they would no longer represent her in this matter. Lakey gives no indication that her counsel acted without authority in agreeing to the stipulation of dismissal. Instead, Lakey requests a continuance to postpone allegedly scheduled depositions and to secure new counsel. This case, however, has already been terminated. Therefore, the court does not have jurisdiction and cannot entertain the motion.

III. <u>Conclusion</u>

Consistent with the foregoing analysis, Lakey's *pro se* Emergency Motion for Continuance (#12) is DENIED AS MOOT.

SIGNED at Beaumont, Texas, this 21st day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

[2] The case was voluntarily dismissed on October 5, 2026.